# UNITED STATES DISTRICT COURT IN THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **GARY A. ICKES** | ) |
| | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| | ) **CAUSE NO.** |
| | ) |
| **THE PRUDENTIAL INSURANCE** | ) |
| **COMPANY OF AMERICA;** | ) |
| **FRONTIER COMMUNICATIONS** | ) |
| **CORPORATION;** | ) |
| **FRONTIER COMMUNICATIONS** | ) |
| **CORPORATION** | ) |
| **LONG TERM DISABILITY** | ) |
| **PLAN A/K/A FRONTIER** | ) |
| **COMMUNICATIONS** | ) |
| **CORPORATION PARENT LONG** | ) |
| **TERM DISABILITY PLAN** | ) |
| | ) |
| | ) |
| **DEFENDANTS.** | ) |

# COMPLAINT

## I. Parties, Jurisdiction, and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Gary A. Ickes brings this action to enforce their rights under ERISA as authorized by 29 U.S.C. §1132 et seq.

2. Plaintiff, Gary A. Ickes, is a resident of Steuben County, Indiana, a citizen of the State of Indiana, who worked for the employer(s) mentioned below.

3. Defendant, The Prudential Insurance Company of America (hereinafter referred to as "Insurance Company") is believed to be the issuer of the insurance policy that provided coverage for the Long Term Disability Plan mentioned below. Insurance Company is believed to be a business incorporated under the laws of the State of New Jersey with its principal place of business located at 751 Broad Street, Newark, New Jersey 07102 and whose registered agent is Kathleen M. Gibson, with a service of process address listed as 751 Broad Street, Newark, NJ 07102. It is believed that this Defendant conducts business throughout the United States, including in the

Northern District of Indiana where Plaintiff resides.

4. Defendant, Frontier Communications Corporation Long Term Disability Plan (CWA 046, #504, #44910) A/K/A Frontier Communications Corporation Parent Long Term Disability Plan is believed to be an Employee Welfare Benefit Plan (hereinafter referred to as "Plan") created under ERISA. The Plan sponsor and administrator is Defendant Frontier Communications Corporation (hereinafter referred to as "Employer") which is believed to be a business incorporated under the laws of the State of Connecticut with its principal place of business located at 3 High Ridge Park, Stamford, Connecticut 06905 (Attention: Human Resources Department). The agent for service of legal process for the Plan is also Frontier Communications Corporation Attention: Human Resources Department 3 High Ridge Park, Stamford, Connecticut 06905. Defendant Employer's registered agent is Corporation Service Company with a service of process address listed as 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204. It is believed that Defendant Plan and Defendant Employer conduct business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

5. Defendants are either jointly or singularly the Plan, the Plan holder, the Plan administrator, the Plan sponsor, the insurance policy holder, the insurance company, and/or insurance policy issuer.

6. The Plan, the insurance policy, and the claim for benefits are variously identified as Plan #504, Policy #44910, and Claim #12798983.

7. Defendants provided long term disability benefits to which Plaintiff was eligible, but did not receive either due to wrongful denial of benefits and /or wrongful termination of benefits.

8. Defendant Plan (and/or the insurance policy connected therewith) is an employee benefit plan made available to eligible employees by Defendant Employer and which delivered benefits to Plaintiff by mail and/or electronic means.

9. Defendant Plan and/or Defendant Insurance Company promises to pay long term disability benefits, and any other benefits contained in the Plan/policy to Defendant Employer's eligible employees if they are unable to work due to sickness or injury in accordance with the Plan/policy.

10. Venue in the Northern District of Indiana is appropriate by virtue of Plaintiff's residence therein and by virtue of Defendants contacts therein.

## II. Factual Allegations and Claim

11. Plaintiff incorporates Paragraphs 1 through 10 as if fully set forth.

12. Plaintiff worked as a network technician for Defendant Employer through August 13, 2020, after which his disability date pursuant to the Short Term Disability Plan was set at August 26, 2020.

13. A failed work attempt occurred about December 7, 2021 through about December 21, 2021.

14. The incapacitating effects, symptoms, and sequalae (in combination and/or singularly) of depression, major depressive disorder, anxiety, generalized anxiety disorder, attention deficit hyperactivity disorder and other non-mental health medical problems caused Plaintiff to stop working and kept Plaintiff from returning to work.

15. Plaintiff applied for and received short term disability benefits through February 28, 2021 from Defendant Employer's Short Term Disability Plan/policy which was also held and/or insured and/or administered by Defendants.

16. Benefits under the Short Term Disability Plan/policy were terminated on March 21, 2021.

17. Plaintiff then timely sought Long Term Disability Benefits under the Plan/policy on or about July 29, 2021, which, if successful, would have begun about February 20, 2021.

18. On or about December 28, 2021, Defendants denied Plaintiff Long Term Disability Benefits under the Plan/policy.

19. On or about July 7, 2022, Plaintiff availed theirself of the Plan/policy's administrative process and timely appealed said determination.

20. On or about June 25, 2023, Plaintiff uploaded a substantial amount of medical records from Parkview Health, Cameron Health, and other healthcare providers to Defendants' benefits portal that was made available to Plaintiff for the purposes of their long term disability claim.

21. On or about October 10, 2023, Defendants denied Plaintiff's administrative appeal, admitted that the matter was covered under ERISA, advised Plaintiff of their right to bring a legal action under ERISA, and expressly advised Plaintiff of the statute of limitation of October 8, 2026.

22. Plaintiff has exhausted their administrative remedies, and the case is properly before the District Court.

23. This complaint is timely filed prior to the statute of limitation.

24. Plaintiff has provided significant medical proof of their disability from their treating physicians and other health care providers.

25. From the date of disability, Plaintiff could not engage in active employment and Plaintiff remains unable to perform the material duties of any occupation for which he is, or may become, reasonably qualified based on her education, training or experience; and is unable to earn wages/salaries at a level that would disqualify theirself for benefits.

26. Plaintiff provided the Defendants with ample evidence to establish their entitlement, and continued eligibility, to long term disability benefits.

27. Defendants' decision to deny Plaintiff's long term disability benefits is <u>not</u> supported by substantial evidence, is wrongful, and is contrary to law in that it contains logical flaws, defective medical reasoning, unreasonable evaluation of the evidence, and other problems.

28. Plaintiff has met all of the provisions of the Plan/policy.

29. Defendants have refused and refuse to pay Plaintiff the long term

disability benefits that are past due and presently due under the Plan/policy.

30. Defendants have refused to acknowledge and accept their ongoing obligations to pay the long term disability benefits that are due to Plaintiff in the future.

31. Defendants have intentionally and without reasonable justification denied Plaintiff long term disability benefits due him pursuant to the Plan/policy and ERISA.

32. As a result of the denial of benefits, Plaintiff has suffered damages in the amount of $492,000.00 which represents the amount due (assuming no deductions) under option 1 of the Plan/policy from approximately February 20, 2020 until Plaintiff's full retirement age which occurs on September 2, 2039.

33. As a result of the denial of benefits, Plaintiff may have suffered damages in the amount of $3,510,000.00 which represents the amount due (assuming no deductions) under option 2 or 3 (if Plaintiff enrolled in either option) of the Plan/policy from approximately February 20, 2020 until Plaintiff's full retirement age which occurs on September 2, 2039.

34. As a result of the denial of benefits, Plaintiff has suffered damages in the amount of $48,742.20 which represents the benefit minimum of the Plan/policy(assuming deductions offset the main benefit entirely).

35. As a result of the denial of benefits, emotional distress damages in amounts yet to be determined.

WHEREFORE, the Plaintiff, Gary A. Ickes, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff, Gary A. Ickes, is entitled to long term disability benefits and to order the Defendants to pay the past due benefits;

B. Finding that Plaintiff, Gary A. Ickes, is entitled to long term disability benefits and order the Defendants to pay future monthly benefits as they become due;

C. Finding that Plaintiff, Gary A. Ickes, is entitled to any other benefits provided by said Plan/policy;

D. Awarding the Plaintiff, Gary A. Ickes, interest on the amount of back benefits which remain unpaid;

E. Awarding Plaintiff other damages pertinent hereto as yet determined;

F. Awarding the Plaintiff, Gary A. Ickes, reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

G. Awarding all other relief as may be just and appropriate.

Respectfully submitted,

 */s/*Randal S. Forbes
Randal S. Forbes, Esq
Forbes Rodman PC
P.O. Box 374
Angola, Indiana 46703
2601668-9830
2601665-1401 fax
randalforbes@forbesrodman.com